# JOHN WARD V. E. C. STEWART, ADMINISTRATOR.

## IN SUPREME COURT, TYLER TERM, 1884.

*Statute of Frauds.*—Full payment of the contract price for the land when unaccompanied with other facts, is not sufficient to take a case out of the statute of frauds.

*Contract to Convey Land—Specific Performance.*—When specific performance of an agreement to convey land is asked, whether the contract be written or unwritten,

it is essential, that the terms of the agreement be clear, that they be clearly stated in the pleadings, and that they evidence with reasonable certainty the intention of the parties.

*Same—Pleading.*—The contract cannot be presumed to be clearer or more specific, nor the performance more complete, than they are alleged to be in the petition.

Appeal from Falls county.

The only question in this case is : Does the petition state such facts as will entitle the appellant to a specific performance of the contract referred to in his petition.

If we consider the agreement alleged to have been made [by the father of appellant as an unwritten agreement, the facts stated were manifestly insufficient to entitle him to the relief which he asks ; and having declined on demurrer to his petition being sustained, to allege that the agreement was in writing, we are of the opinion that his averments should be held to refer to an unwritten agreement. (Reed vs. Neal, 68 Ind., 419.)

It is not avowed that the appellant ever had an exclusive posession of the land in pursuance of the agreement referred to. (Haskell v. Haskell, 6 Watts, 464 ; Sage v. McGuire, 4 W. & S., 228 ; Frye v. Shepler 7 Pa. St., 91 ; Waterman on Specific performance 276 ; Hart v. Carrall, 85 Pa. St., 508 ; Marply v. Steel, 43 Tex., 135; Neal v. Neal, 69 Ind., 419.)

It is not shown that the appellant made improvements on the land as owner and with his own funds, but that what he did, consisted in his own labor directed to certain purposes in way of part payment for the land of which he expected, together with such improvements as might be made thereon, to become part owner by rendering the services contemplated by the agreement.

It is not shown that the estate of his father is not amply able to make full contemplation to him for any services he may have rendered, nor is it shown that he had done any act to take the case out of the statute of frauds except as partial payment may tend in that direction.

Even full payment, unaccompanied with other facts, is not sufficient for his purpose. (Dugan v. Colville, 8 Tex., 127 ; Weathely v. Repley, 21 Tex., 436; Robinson v. Davenport, 40 Tex., 333 ; Murphy v. Still, 43 Tex., 123 ; Jones v. Carver, 59 Tex., 296 ; Berta Lodge v. Leverton, 42 Tex., 24.)

In cases in which the specific performance of agreements to convey land is asked whether the contract be written or unwritten, it is essential, that, the terms of the agreement be clear, and that they be clearly stated in the pleadings; that they evidence with reasonable certainty the intention of the contracting parties in relation to that which is done or to be done by both parties in consumation of the agreement.

The contract cannot be presumed to be clearer or more specific, nor the performance of it more complete, than they are alleged to be in the petition, and more especially is this true when special demurrers are urged and sustained on the ground of want of certainty in reference to matters affecting the sufficiency of the contract, and in reference to its performance, and the party whose pleading has been held to be insufficient declines to amend.

Before a court of equity will enforce specific performance of a contract to convey land for which a party seeking its aid has agreed to pay in money, labor or in some other manner, it is necessary to inform the court by proper pleading, what sum of money was to be paid, what labor performed, or what and how much of other property was to be delivered in payment, and it should be further made to appear that the money had been paid, labor performed or other thing delivered, or some good reason shown why such things had not been done, accompanied with at least a tender of whatever might still be due.

In this case the appellant avers that his father promised to convey to him one half of the land "if he would take charge of the same and labor on the same, manage the labor, and superintend the work and labor done on the farm and improve the place or land * * * and plaintiff did go on said land ; did and performed all of his said agreement on his part, and said Stephen S. Ward did receive the crops, both of corn and cotton, raised on said land, etc. * * * * and (Plff) cleared and improved land thereon, and built houses and out-houses and fences thereon, and plaintiff faithfully worked for more than two years, and only quit them to work and labor for said S. S. Ward in other business at his request.."

How long by contract was the appellant to take charge of the land and labor ? What improvements was he to have made ? Of these matters the petition gives no information. It however avers compliance with the contract for the period of two years. That there was a compliance with the contract for even two years was a conclusion of the

pleader, and the statement of the acts performed could not be known by the court to be a compliance with the contract, the particular terms of which were not stated. (Waterman on Specific Performance, 96.)

The implication from the averment that the appellant ceased to work, under the contract, at the expiration of two years at the request of his father, is that he did not cease because the terms of the contract had been complied with. This partial performance or payment could not be regarded as full performance or payment in the absence of an averment that it was so accepted. If it was true that the father accepted labor at some other business, in lieu of that originally contracted for, that should have been alleged.

The averments as to the consideration or price paid, or to be paid for the land was so vague and uncertain as to render it impossible from them for the court to know what the real consideration to be paid for the land was, and this presents just such a case as would require a court of equity to refuse to decree a specific performance. (Waterman on Specific Performance, 146 ; Soles v. Heichmann, 20 Pa. St., 182 ; Cooper v. Carlisle, 17 N. Y. Eq., 530 ; Reed on Stattute of Frauds, 932, 633 ; Hart v. Carrall, 85 Pa. St., 608 ; Elmere v. Kingscote, 5 B. & B., 583 ; German v. Maching, 6 Paige, 292.)

There is no error in the judgment and it is affirmed.